ROBERT P. ANDRIS (SBN 130290)
RANDRIS@ROPERS.COM
LAEL D. ANDARA (SBN 215416)
LANDARA@ROPERS.COM
AMY K. GRUBER (SBN 239793)
AGRUBER@ROPERS.COM
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone:    (650) 364-8200
Facsimile:    (650) 780-1701

Attorneys for Plaintiff
COUNTY OF SONOMA

**E-filing**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COUNTY OF SONOMA,

    Plaintiff,

v.

NANCY HAYSSEN,

    Defendant.

CASE NO. C 07 4532 PVT

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND CYBERPIRACY**

**JURY TRIAL DEMANDED**

Plaintiff County of Sonoma ("Sonoma" or "plaintiff"), by and through its attorneys alleges as follows:

### THE PARTIES

1. Plaintiff County of Sonoma ("Sonoma") is a political subdivision of the State of California, as defined by Cal. Govt. Code §§ 23000 et seq. Sonoma is authorized to bring all claims for relief stated herein pursuant to Cal. Govt. Code § 23004.

2. The Charles M. Schultz Sonoma County Airport ("Airport") is a governmental entity administered by the County of Sonoma Department of Transportation and Public Works pursuant to County of Sonoma, Local Ordinances, Section 3.0, et seq. The County of Sonoma Department of Transportation and Public Works is a department of the County of Sonoma.

3. Defendant Nancy Hayssen ("defendant"), upon information and belief, is a resident of Sonoma County. She does business as "Make Me Over Productions," "Seminars for

Learning," and "SonomaCountyAirport.com." She is found at 300 B Street, Santa Rosa, California 95401 and 501 Fourth Street, Santa Rosa, California 95401.

## JURISDICTION AND VENUE

4. This is a civil action arising under the trademark and unfair competition laws of the United States. This Court has original jurisdiction over the subject matter of the Lanham Act claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over the state trademark claim under 28 U.S.C. §1367(a) in that it is joined with substantial and related claims under the Trademark Laws of the United States and so related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative facts.

5. Venue is proper in this judicial district 28 U.S.C. §§ 1391(b). A substantial part of the events giving rise to this action occurred in this judicial district in the course of defendant doing business in this judicial district. 28 U.S.C. §§ 1391(b). For these same reasons personal jurisdiction over the defendant is also proper.

## FACTS GIVING RISE TO ALL CLAIMS FOR RELIEF

**Plaintiff's Valuable "Sonoma County Airport" Trademark**

6. At all material times, Sonoma was and is engaged in the operation of the Airport under the common law trademark "Sonoma County Airport" ("the trademark.") The Airport operates two runways with air traffic control services. Currently, Horizon Air provides daily nonstop service from the Airport to Los Angeles International (LAX) and Seattle (SEA). Further daily flights to Portland (PDX) are scheduled to begin in October 2007.

7. Sonoma is the owner of the common law trademark "Sonoma County Airport." Sonoma has operated the Airport since the mid 1990s. Sonoma has used the trademark "Sonoma County Airport" continuously to designate the source of goods and services associated with air travel to Sonoma County, a popular tourist destination for travelers across the country.

8. Besides the defendant, no other entity has offered goods and services under the "Sonoma County Airport" trademark. The trademark is distinctive and had acquired secondary meaning in that it designates the only source of airport/aviation goods and services to and from Sonoma County, California. Plaintiff's mark identified plaintiff's goods and services only, and

distinguishes them from those of others.

9. In July 2001, Sonoma began providing the general public with information and services through the official Sonoma County Airport website located at the URL http://www.sonomacountyairport.org.

10. An example of plaintiff's use of the trademark in commerce is attached as Exhibit A and is incorporated by reference.

**Defendants' Unlawful Conduct**

11. In June 2001, defendant registered the domain name "sonomacountyairport.com." Attached hereto as Exhibit B is a true and correct copy of a printout of the WHOIS registration and ownership information for" sonomacountyairport.com".

12. The website has been developed for commercial use. It contains links describing and advertising Sonoma County Airport flight schedules, local tourist attractions, wineries, shopping, hotels and restaurants. Attached hereto as Exhibit C is a true and correct copy of defendant's website "sonomacountyairport.com." The site also displays an advertisement for Horizon Air that says "Save Money! Book Your Horizon Air Ticket Online Today!"

13. When a user clicks on the "learn more about Sonoma County Airport" link on the homepage of "sonomacountyairport.com," he finds information soliciting advertisers to the site. Attached hereto as Exhibit D is a true and correct copy of the information displayed on that page which reads:

> In 2005, there were over seven million visitors to the Wine Country and over $1 billion dollars spent in Sonoma County by visitors each year.
>
> When you join our site, you will have the opportunity to:
>
> - Reach Millions of Travelers - 24 hours a day & 7 days a week allowing your business to be seen by locals in the community to visitors from all over the world
>
> - Make 100% of the Sale – Marketing Direct through our website
>
> - Email Direct to thousands of enthusiastic travelers
>
> - Generate New Customers immediately and effectively

- Be Seen on the #1 Ranked Site on Google and other search engines for the Sonoma County Airport

Members currently include Aviation businesses, wineries, hotels, spas, restaurants, transportation companies, retail outlets, educational institutions, and others dedicated to developing the awareness of the diversity that makes up the airport community and tourism industries.

As the largest niche network of this type we are considered the authority by providing results and exposure on the #1 domain name people go to when looking for information about traveling to and from the Sonoma County Airport."

14. Defendant Nancy Hayssen is listed under contact information for potential advertisers:

Sonoma County Airport.com is a web based project of Make Me Over Productions.

It is free to access Sonoma County Airport.com.

Contact Info

Nancy Hayssen

707-542-7399

nancy@sonomacountyairport.com

15. Sonomacountyairport.com's source code shows preference setting meta language designed to display the airport as the second hit when a search is performed on the search engine Google.com for "Sonoma County Airport." Attached hereto as Exhibit E is a true and correct copy of the source code for sonomacountyairport.com.

16. On June 7, 2007, defendant caused a press release to be made public announcing the "official launch of the updated and improved SonomaCountyAirport.com web site." Attached hereto and as Exhibit F is a true and correct copy of the press release.

17. On June 21, 2007, plaintiff advised defendant in writing of plaintiff's ownership of the trademark and requested defendant to immediately cease and desist from further use of the trademark. Defendant has failed and refused, and continues to fail and refuse, to comply with plaintiff's request.

18. Defendant has used the Sonoma County Airport mark and name to market,

promote, and/or sell goods and services in connection with her business after Sonoma had already established priority use of the Sonoma County Airport mark by acquiring common law rights in the trademark.

19. Defendant uses the trademark to describe the various products and services offered and provided by defendant.

20. Defendant's unauthorized use of the trademark is and continues to be without permission or authorization of Sonoma.

21. Defendant uses and intends to use the mark on goods and services that are identical, or at least highly related to plaintiff's goods and services.

22. Sonoma alleges that defendant's unlawful conduct has and is creating initial interest confusion among consumers who are being directed to defendant's website.

23. Defendant's continuing conduct constitutes an ongoing threat to Sonoma and the public.

24. Further, defendant's unlawful use of the trademark in nationwide commerce has and is creating consumer confusion regarding the source of Sonoma County Airport's goods and services, and is likely to lead consumers in the marketplace to believe that defendant's goods and services are associated with or authorized by Sonoma. This is to the detriment of Sonoma's reputation and goodwill.

## FIRST CLAIM

**[Trademark Infringement under 15 U.S.C. § 1125 et. seq.]**

25. Sonoma incorporates herein by reference each and every allegation in the preceding paragraphs.

26. Defendant uses plaintiff's trademark in commerce.

27. Defendant's use of the trademark creates initial interest confusion and continuing consumer confusion. Defendant's use of the trademark constitutes infringement that is likely to cause confusion or mistake or to deceive as to the affiliation, connection or association of defendant with the plaintiff County of Sonoma or whether the plaintiff has sponsored, approved, or authorized defendant's goods and services or is otherwise connected to them. Thus,

defendant's activities violate §43(a) of the Lanham Trademark Act, 15 U.S.C. §1125(a).

28. Defendant's conduct is willful and deliberate and defendant has used plaintiff's trademark with the intent to reap the benefit and profits resulting from the use of Sonoma County's good name and reputation.

29. By reason of defendant's acts as alleged above, Sonoma County has suffered and will continue to suffer, substantial damage to its reputation and goodwill, as well as diversion of trade and loss of profits in an amount not yet ascertained.

30. Defendant's acts as alleged above, have caused and continue to cause Sonoma County irreparable injury and unless restrained and enjoined, will continue to do so, all to Sonoma's irreparable injury. Sonoma's remedy at law is not adequate to compensate it for injuries inflicted and threatened by defendant's activities.

## SECOND CLAIM

### [Cyberpiracy under 15 U.S.C. §1125(d)]

31. Sonoma incorporates herein by reference each and every allegation in the preceding paragraphs.

32. Defendant registered and continues to use sonomacountyairport.com without permission from Sonoma County, the owner of the common law trademark Sonoma County Airport.

33. Defendant's conduct as alleged above and its registering and using a domain name that is confusingly similar to plaintiff's distinctive trademark is in violation of plaintiff's rights under the Anticybersquatting Consumer Protection Act of 1999, as amended 15 U.S.C. § 1125(d).

34. Defendant registered and uses the URL sonomacountyairport.com for her own commercial advantage, to divert customers from plaintiff, willfully and in bad faith, with the intent to steal and trade upon plaintiff's good will and good reputation.

35. The public is likely to be, and actually has been, deceived and confused as to the origin, approval, association and /or endorsement of SonomaCountyAirport.com website and the goods and services sold therein.

36. As a direct and proximate result of defendant's foregoing wrongful conduct,

1  plaintiff has sustained damages in an amount to be proven at trial.

2  37.  Defendant's acts as alleged above, have caused and will continue to cause great and irreparable injury to Sonoma and unless such acts are restrained and enjoined by this Court, defendant will continue to act in the above described manner to Sonoma's great and irreparable injury. Sonoma's remedy at law is not adequate to compensate it for injuries inflicted and threatened by defendant's activities.

### THIRD CLAIM

### [State Common Law Trademark Infringement]

38.  Sonoma incorporates herein by reference each and every allegation in the preceding paragraphs.

39.  Defendant's acts complained of herein constitute trademark infringement under the common law of the State of California to plaintiff's general damage.

40.  Defendant's conduct as alleged above has damaged and will continue to damage Sonoma's goodwill and reputation.

41.  Plaintiff is informed and believes and thereon alleges that as a proximate result of the advantage accruing to defendant's business from the unauthorized use of Sonoma's trademark, defendant has profited in an amount to be proven at trial.

42.  Defendant's wrongful acts as described above are a serious and continuing threat to plaintiff's trademark as well as the plaintiff's reputation and goodwill. If defendant is allowed to continue her wrongful acts, Sonoma will suffer further immediate and irreparable injury, loss, and damage. In the absence of preliminary and permanent injunctions as prayed for below, defendant will continue to violate Sonoma's rights by engaging in the conduct alleged.

43.  Defendant's acts complained of herein constitute malice, oppression and/or fraud thus entitling Sonoma to recover punitive damages.

///

///

///

///

**PRAYER**

WHEREFORE, Sonoma County respectfully requests judgment against defendant as follows:

1. For judgment that the Sonoma County Airport trademark has been infringed and continues to be infringed by defendant;

2. For an order requiring defendant to show cause why he/she/it should not be enjoined as hereinafter set forth, during the tendency of this action;

3. For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendant and her agents, servants, and employees, and all persons acting under, in concert with, or for her from:

    (a) Using or displaying the plaintiff's trademark " Sonoma County Airport" or any colorable or confusingly similar imitation thereof in connection with defendant's goods and services;

    (b) Causing likelihood of injury to plaintiff's goodwill and reputation;

    (c) Causing likelihood of confusion, deception, or mistake as to the source or origin of plaintiff's services;

4. For injunctive relief in the form of an immediate transfer of the domain name "sonomacountyairport.com" to the plaintiff Sonoma County;

5. For an order requiring defendant to deliver up and destroy all infringing advertising materials, promotional literature and stationery;

6. For three times the amount of defendant's profits derived from infringement of the trademark;

7. For compensatory damages;

8. For punitive damages in an amount to be determined for defendant's malicious, willful, intentional, deliberate and tortuous conduct;

9. For reasonable attorneys fees as this Court deems just;

10. For costs of this action; and

11. For such other and further relief as the Court may deem meet and proper in

the premises.

## DEMAND FOR A JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 31, 2007

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
ROBERT P. ANDRIS
LAEL D. ANDARA
AMY K. GRUBER
Attorneys for Plaintiff
COUNTY OF SONOMA