ROBERT P. ANDRIS (SBN 130290)
randris@ropers.com
LAEL D. ANDARA (SBN 215416)
landara@ropers.com
AMY K. GRUBER (SBN 239793)
agruber@ropers.com
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701

Attorneys for Plaintiff
COUNTY OF SONOMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SONOMA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY HAYSSEN,<br><br>Defendant. | CASE NO. C07-04532 JW<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>**Date: January 14, 2008**<br>**Time: 10:00 a.m.**<br>**Courtroom: 8, 4th Floor** |

Pursuant to the March 1, 2007 Standing Order For All Judges of the Northern District of California, the parties to the above captioned matter submit the following Joint Initial Case Management Statement.

**1. Jurisdiction and Service**

Plaintiff County of Sonoma (the "County") served its complaint on November 5, 2007, and defendant Nancy Hayssen ("Hayssen") answered in pro per on December 5, 2007. This Court has subject matter jurisdiction over the County's claims under 28 U.S.C. §§ 1331, 1338(a) and 1367. Personal jurisdiction and venue are proper in this district as a substantial part of the events giving rise to this action occurred here and Hayssen is doing business here.

**2. Facts**

The County operates the Charles M. Schulz - Sonoma County Airport ("Airport") under its Department of Transportation and Public Works. The County alleges that it is the owner of



Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

the common law trademark "Sonoma County Airport" (the "Mark"). The County alleges that it has used the trademark "Sonoma County Airport" continuously to designate the source of goods and services associated with air travel to Sonoma County, since the middle of the 20th century. The County alleges the Airport has had commercial passenger activity for the last few decades.

No entity or person has obtained any state or federal trademark registration respecting the Mark. The County alleges that it has never authorized any other entity or person to offer goods and services under the Mark.

Hayssen is a resident of Sonoma County. Hayssen alleges that she has been continually doing business in Santa Rosa, California as "Make Me Over Productions" and "SonomaCountyAirport.com" since at least June 2001. In June 2001 Hayssen purchased the registration (the "Registration") for the sonomacountyairport.com domain name ("Hayssen's Domain Name"). Hayssen alleges that in July 2001 the manager of the Airport (the "Manager") affirmatively contacted her and asked her to transfer the Registration to the County. Hayssen alleges that she refused the Manager's transfer request. Hayssen alleges the Manager then communicated to her that she could continue to own and use the Registration as long as any website accessible therefrom disclaimed official association with the County and the Airport. The County disputes these facts or that it authorized Hayssen's use of the Mark.

In July 2001, the County purchased the registration for the sonomacountyairport.org domain name (the "County's Domain Name"). The County alleges that in July 2001 it began providing the public with information and services concerning the Airport through a website accessible via the County's Domain Name, while Hayssen alleges that any such provision by the County was intermittent, riddled with inaccurate information, and not timely updated so as to express useful information to the public.

In the period since she purchased the Registration, Hayssen alleges she has spent significant time and money to develop a sophisticated website accessible via Hayssen's Domain Name ("Hayssen's Website") for commercial use, to wit, advising travelers to the County of services offered by the Airport, of tourist attractions within the County, and of services and goods offered by enterprises within the County such as wineries, shopping, accommodations and

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

restaurants. Hayssen's Website displays advertisements from local and out of area businesses with which Hayssen has consummated contracts. Hayssen alleges that at all times every webpage associated with Hayssen's Website has contained a conspicuous disclaimer: (a) stating that Hayssen's Website is not the official website of the Airport; and (b) providing the public with the universal resource locator (i.e., the website address) of the County's Website.

The County alleges that Hayssen's Website was updated to its current commercialized form in the Spring of 2007. Hayssen alleges she has been updating Hayssen's Website continuously since she purchased the Registration.

On June 21, 2007, six years after Hayssen purchased the Registration and began publishing Hayssen's Website, the County, via counsel advised Hayssen in writing of the County's assertion that it owns the Mark and requested that Hayssen cease and desist from further use of the Mark. Hayssen states that at that time, the County did not offer to compensate Hayssen for the out-of-pocket costs she had incurred associated with obtaining the Registration, developing Hayssen's Website, and developing and marketing a business inherently integrated with Hayssen's Website.

The County alleges that Hayssen's use of the Mark is unauthorized and continues to be without permission of the County. The County alleges that it has been contacted by third parties about the accuracy of information regarding the Airport appearing on Hayssen's Website. Further, the County alleges it has been contacted by third parties seeking to make contact with Hayssen. Accordingly, the County alleges that Hayssen's conduct has and is creating actual confusion and initial interest confusion among consumers who are being unknowingly directed to Hayssen's Website and leading consumers in the marketplace to believe that Hayssen's Website is associated with or authorized by the County. The County maintains that this is to the detriment of the County's reputation and goodwill and constitutes an ongoing threat to the County and the health and safety of the public.

Hayssen alleges that her use of the Mark has been in strict accordance with the license and/or permission granted by the County in effect since July 2001. Hayssen alleges that despite her openly public use of the Mark via her business and Hayssen's Website, the County did

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

nothing to advise her of its concerns regarding her commercial use of the Mark for six years. Hayssen alleges that the County knowingly allowed her to expend significant time and money to develop her business and Hayssen's Website between July 2001 and June 2007 so that it could benefit from the increased business that Hayssen's business and Hayssen's Website directed to the County and the Airport. Hayssen alleges that beginning in June 2007, the County sought to take without just compensation the goodwill and the customer list of her business and the Hayssen Website through the County's threat and eventual initiation of this litigation. Hayssen alleges that the County's intent to deprive her of her property without just compensation is further evidenced by the fact that the County is presently attacking her Registration and Hayssen's Website while simultaneously allowing other for-profit ventures for years to own and use in commerce registrations for domain names incorporating the County's name, including without limitation the domain names sonomacounty.net and sonomacounty.org. Hayssen alleges that to further its intent to take without just compensation the goodwill and the customer list created by her business and the Hayssen Website, the County has improperly interfered with actual and prospective contracts between Hayssen and third parties respecting the Hayssen Website.

**3. Legal Issues**

a. Whether the County owns the Mark and/or owns rights to use the Mark in commerce that are senior to any such rights owned by Hayssen;

b. Whether Hayssen has infringed and is infringing the Mark under the Lanham Act by using, without license or permission, a domain name that is confusingly similar to the Mark;

c. Whether Hayssen has infringed and is infringing the Mark under the common law by using, without license or permission, a domain name that is confusingly similar to the Mark;

d. Whether Hayssen is in violation of the County's alleged rights under the Anticybersquatting Consumer Protection Act of 1999, as amended under 15 U.S.C. § 1125(d), by registering and using, in a manner not entitling Hayssen to a finding of fair use, a domain name that is confusingly similar to the Mark;

e. Whether the County is precluded from exercising against Hayssen any rights it may own in the Mark pursuant to equitable doctrines such as laches, unclean hands, estoppel, or

trademark misuse;

f. Whether the County is precluded from exercising against Hayssen any rights it may own in the Mark as an unauthorized taking without just compensation of property legitimately owned by Hayssen. (The County states that this defense is not part of the pleadings in this case.);

g. Whether the County is entitled to a preliminary injunction suspending Hayssen's use of Hayssen's Domain Name for the pendency of this litigation;

h. Whether the County is entitled to a permanent injunction forbidding Hayssen's use of the Mark or any mark confusingly similar thereto; and

i. Whether the County is entitled to any damages for the alleged conduct by Hayssen complained of in its complaint and, if so, the proper measure of such damages.

**4. Motions**

The County will file a motion for a preliminary injunction ordering Hayssen to take down all content on Hayssen's Website for the pendency of this litigation as it is allegedly causing irreparable harm to the County's ability to efficiently run and control official information about the Airport. Hayssen may file a motion for an order allowing her to file counterclaims against the County. Hayssen may file a motion for summary judgment against the County respecting the claims of its complaint.

**5. Amendment of Pleadings**

Based on the nature of the facts and lack of completed discovery at this point in time, the parties are unable to determine and whether it may be necessary to add other defendants in this matter, or propose a deadline for the amendment of pleadings. Hayssen may file a motion for an order allowing her to file counterclaims against the County.

**6. Evidence Preservation**

The County has been advised to maintain all of its documents and records (including emails, voicemails and other electronically recorded material) and to preserve the same from destruction. The County has also advised Hayssen of the same duties.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**7. Disclosures**

The County has served its initial disclosures including lists of individuals it believes at this time are likely to have discoverable information and a description of documents which might be used to support its claims.

**8. Discovery**

The scope of the County's anticipated discovery includes: Hayssen's records regarding the genesis, support and operation of her business; documents and things related to amounts made from the operation of all aspects of her business; and her overall financial situation. The scope of Hayssen's anticipated discovery includes: the County's actions and omissions respecting the Registration, Hayssen's Website, and Hayssen's business; the County's actions and omissions respecting operation of the website accessible via the County's Domain Name; the financial and practical impact on the County and the Airport of Hayssen's Website and Hayssen's business; and the County's actions and omissions respecting its communications with third parties concerning Hayssen's Website, Hayssen's business, and this litigation.

**9. Class Actions**

Not applicable.

**10. Related Cases**

Not applicable.

**11. Relief**

The County seeks: the removal of the content of Hayssen's Website; the transfer of the Registration to the County; a permanent injunction forbidding Hayssen's use of the Mark or any substantially similar mark; the recovery of treble Hayssen's profits from Hayssen's use of the Mark; the recovery of the County's attorneys' fees and costs expended during the course of this litigation; and the destruction of all allegedly infringing advertising materials, promotional literature, and stationery. Hayssen's future discovery responses are required to compute the precise amount of the County's alleged damages in the form of Hayssen's profits. Presently Hayssen seeks: a declaration that her use the Mark has been and is lawful given the actions and omissions of the County respecting the same; and the recovery of her fees and costs. Hayssen

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

may seek leave to file a counterclaim against the County for affirmative damages relating to the County's alleged intent to deprive Hayssen of property without just compensation and the County's tortious interference with actual and prospective economic relations.

**12. Settlement and ADR**

The parties have agreed to ADR in the form of mediation. The County is not aware of any discovery or motions necessary to position the parties to negotiate a resolution to this matter.

**13. Consent to Magistrate Judge For All Purposes**

Not applicable.

**14. Other References**

Not applicable.

**15. Narrowing of Issues**

As discovery has not been completed, the parties are presently unsure which issues may be subject to stipulation and/ or motion. The parties are willing to discuss alternatives to further the resolution of this litigation.

**16. Expedited Schedule**

The parties are willing to discuss streamlining procedures to expedite the resolution of this litigation.

**17. Scheduling**

In light of Hayssen's in pro per status and the early stage of this litigation, the parties do not believe it is possible to suggest a meaningful scheduling calendar at this time. Also in light of Hayssen's in pro per status, the County submits that a longer than normal discovery period may be necessary to afford Hayssen the opportunity to meet all discovery deadlines and obligations.

**18. Trial**

The County has demanded a trial by jury and currently estimates this case will take at least a full week to try.

**19. Disclosure of Non-Party Interested Entities or Persons**

The County has filed its "Certification of Interested Parties or Persons" required by Civil Local Rule 3-16. The County is unaware of any persons, firms, partnerships, corporations

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

(including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20. <u>Other Matters</u>**

As Hayssen has appeared in pro per, the County believes that this litigation will proceed more efficiently and with fewer resources if Hayssen is permitted to register for the Court's Electronic Case Filing system. Hayssen contacted the Court *ex parte* for permission to do so. On December 20, 2007, the Court granted Hayssen's request and ordered that she contact the clerk to properly register for e-filing.

Dated: January 4, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: ______________________
ROBERT P. ANDRIS
LAEL D. ANDARA
AMY K. GRUBER
Attorneys for Plaintiff
COUNTY OF SONOMA

Dated: January 4, 2008

By:/s/ Nancy Hayssen*
NANCY HAYSSEN
Defendant, In Pro Per

*Due to a weather related power outage, Hayssen was unable to return an executed copy of this document and authorized plaintiff's counsel to sign on her behalf.