ROBERT P. ANDRIS (SBN 130290)
randris@ropers.com
LAEL D. ANDARA (SBN 215416)
landara@ropers.com
AMY K. GRUBER (SBN 239793)
agruber@ropers.com
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 300
Redwood City, CA 94063
Telephone: (650) 364-8200
Facsimile: (650) 780-1701

Attorneys for Plaintiff
COUNTY OF SONOMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SONOMA,<br><br>Plaintiff,<br><br>v.<br><br>NANCY HAYSSEN,<br><br>Defendant. | CASE NO. C07-04532 JW<br><br>**JOINT UPDATED CASE MANAGEMENT STATEMENT**<br><br>Date: April 7, 2008<br>Time: 10:00 a.m.<br>Courtroom: 8, 4th Floor |

Pursuant to the March 1, 2007 Standing Order For All Judges of the Northern District of California and the Court's order of January 23, 2008, the parties to the above captioned matter submit the following Joint Updated Case Management Statement.

1. **Jurisdiction and Service**

Plaintiff County of Sonoma (the "County") served its complaint on November 5, 2007, and defendant Nancy Hayssen ("Hayssen") answered in pro per on December 5, 2007. This Court has subject matter jurisdiction over the County's claims under 28 U.S.C. §§ 1331, 1338(a) and 1367. Personal jurisdiction and venue are proper in this district as a substantial part of the events giving rise to this action occurred here and Hayssen is doing business here. Hayssen intends to move the Court to order the transfer of this action to the San Francisco division given that both parties are situated and reside much closer to San Francisco than San Jose.

2. **The County's Factual Statement and Legal Contentions**

The County is the owner of the common law trademark "Sonoma County Airport" (the "Trademark"). The County operates the Charles M. Schulz - Sonoma County Airport through its Department of Public Works. The Trademark was first used in connection with the Airport in 1946, a year before the County accepted transfer of the Airport's property from the federal government. Since that time, the Airport has operated as a general aviation facility serving private/recreational airplanes, business/corporate aircraft, and has also served as a commercial service airport providing mostly commuter flights. In March 2007, Horizon Air began offering flights to and from major West coast cities out of the Airport. The County operates the Airport's website at "sonomacountyairport.org."

Hayssen registered the domain name "sonomacountyairport.com" in June of 2001. As web archive records show, her website was an inactive site for several years, containing community oriented information, "coming soon" links or place holders. In the fall of 2006, when the Airport's new Horizon air service was announced by the County, she actively began to solicit advertising for her site. In June 2007, her "new and improved" website was launched, as memorialized by a "sonomacountyairport.com" press release. Since that time, Hayssen has stepped up her efforts to earn revenue and trade on the goodwill of the Airport's Trademark. Currently, her website purports to be the source for "the most up to date information on the Charles M. Shultz (sic)-Sonoma County Airport" and contains information designed to lead consumers to believe that she and the site are authorized representatives of the Airport.

After contacting Hayssen with cease and desist letters in June 2007, the County filed suit on August 31, 2007. Hayssen answered the complaint, in pro per, on December 5, 2007, and denied all allegations.

The County has a valid trademark since that has acquired secondary meaning. (Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc., 419 F.3d 925, 927 (9th Cir. 2005) ("A descriptive mark can receive trademark protection if it has acquired distinctiveness by establishing 'secondary meaning' in the marketplace.") The County has used the Mark since the 1940s and has run both private and commercial air service since that time. Consumers associate the Trademark with the

1  County as they know that the Airport has grown and served the community for decades. The
2  Trademark is used in commerce as part of the Airport's logo, which was created through a license
3  agreement with United Features Syndicate, Inc. Signage on Route 101 through Sonoma County
4  advertises the Airport. The County is the only entity authorized to use the Mark since its
5  inception. There is nothing misleading or geographically misdescriptive about the Trademark.

6      Hayssen has appropriated the Trademark and used it for self promotion and revenue
7  generation. Contrary to Hayssen's assertion, the small and inconspicuous disclaimer at the very
8  bottom of her website does not alleviate the actual confusion being caused by her use of the
9  trademark in her domain name and her website. See SMC Promotions, Inc. v. SMC Promotions,
10  355 F. Supp. 2d 1127, 1136 (C. D. Cal. 2005). Over the last several months, the County has
11  expended considerable resources in addressing the confusion and misconceptions caused by her
12  website. The County is concerned that in her zeal to appear as an authoritative source of
13  information about the Airport, Hayssen will provide inaccurate information and endanger the
14  public, which is a significant concern in the current atmosphere of heightened security.

15      Hayssen claims that in June 2001, she spoke with the then current Airport manager, David
16  Andrews, and obtained permission to use the Trademark as a domain name as long as she put a
17  disclaimer on her site. The County deposed Andrews on February 15, 2008. Andrews denies
18  ever meeting Hayssen, or ever speaking with her or her father about the domain name.
19  Marketing, internet and advertising duties were not within his scope of duties or authority. He
20  even admits that in 2001, he was not sophisticated enough to know what a disclaimer on a
21  website was. Thus, Andrews did not give Hayssen permission to use the Trademark as she claims.

22      Even assuming *in arguendo* that Andrews told Hayssen that she could use the Trademark,
23  he had no authority to do so and any agreement he made would be void and unenforceable. Such
24  an agreement must be made and approved by the County's Board of Supervisors. See Gov. Code
25  § 23005 ("A county may exercise its powers only through the board of supervisors or through
26  agents and officers acting under authority of the board or authority conferred by law."); Sonoma
27  County Code, Ch. 1, § 1-11 (individual officers and employees are not permitted to make binding
28  promises of County property and any such purported promise is unenforceable and void.)

RC1/5094771.1/AG2      - 3 -      JOINT UPDATED CASE MANAGEMENT STATEMENT – NO. C07-04532 JW

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1    The California courts have also found that individual government employees are not permitted to bind a government entity by themselves. E.g. G. L. Mezzetta v. City of Am. Canyon, 78 Cal. App. 4th 1087, 1094 (2000). (City's manager and public works director's promise to provide a wastewater discharge system by a specific date was not binding on the city because any agreement had not been made according to prescribed methods.). Moreover, estoppel may not be used to save a contract made outside the express statutory procedure. Miller v. McKinnon, 20 Cal. 2d 83, 91 (1942).

Hayssen's laches defense also fails. As noted above, and as web archives show, Hayssen's website did not take on its current configuration until the fall of 2006. Thus, the County had no reason to believe the use of the domain name was infringing and there was no confusion until she began actively passing her site off as a representative of the Airport. Hayssen cannot prove that the County unreasonably delayed bringing the suit.

### 3.    Hayssen's Factual Statement and Legal Contentions

This action concerns Hayssen's use since 2001 of the Trademark as the name of her sole proprietorship and the domain name ("Hayssen's Domain Name" or "Her Domain Name") at which her business' website ("Hayssen's Website" or "Her Website") has been accessible and consistently used in commerce since 2003. Such use has at all times been with the County's actual or constructive knowledge. The County has never sought to register the Trademark with the United States Patent and Trademark Office or the State of California.

Hayssen's interest in aviation, the Charles M. Schulz Sonoma County Airport (the "Airport"), tourism and commerce relating to these matters is longstanding. Hayssen has lived in the County her entire life. She holds a Private Pilot certification from the Federal Aviation Administration. Prior to beginning her business in connection with the Trademark, Hayssen founded the first scenic air tour company in the County. Hayssen's father: is also a Certified Private Pilot; is one of only 22 California aviation educators to have earned the distinguished Master Certified Flight Instructor certification; owns and operates North Coast Air, a flight school that conducts business using the Airport's facilities; and serves as an Airport commissioner.

Hayssen purchased the registration (the "Registration") for Her Domain Name on June 5,

2001. Her intent was to commercially use the Trademark, the Registration, Her Domain Name and Her Website to disseminate information of interest to private pilots who use the Airport.

In July 2001, the then-Airport manager (the "Manager") requested a conference. Hayssen met the Manager at his Airport office, at which time he asked her to "do [him] the favor" by transferring the Registration to the County. Hayssen refused and explained that she purchased the Registration for a commercial endeavor. The Manager responded: "It's no big deal," and the "Airport will buy sonomacountyairport.org." He also asked whether Hayssen would "do [him] the favor" of posting a disclaimer on Her Website stating that it is not the Airport's official website. Hayssen agreed but did not acknowledge any rights of the County in the Trademark.

In a subsequent discussion with Hayssen's father, the Manager confirmed the County's consent to Hayssen's use of Her Domain Name. As evidence of the aforementioned July 2001 meeting and the County's knowledge since then of Hayssen's Registration purchase, the County acquired the registration for the sonomacountyairport.org domain name (the "County's Domain Name") on July 23, 2001 (i.e., barely one month after Hayssen purchased her Registration).

In 2002, Hayssen began using the Trademark as the name of her sole proprietorship and marketing Her Website as "Sonoma County's premier online aviation community and number one regional resource for information about the Airport Community." In 2003, Hayssen began: contracting with third parties regarding their use of Her Website to advertise; posting an "Advertisers" link to attract advertisers; posting third party advertisements; and using Her Website to provide information pertinent to local pilots, travelers, County residents and County businesses. Those commercial efforts have continued to the present.

Since 2003, Hayssen has consistently placed a disclaimer on Her Website stating: "This is not the official site of the Charles M. Schulz Sonoma County Airport. We are privately owned and operated. The county site is located at sonomacountyairport.org." As additional evidence of the County's actual or constructive knowledge during all relevant times of Hayssen's open use of the Trademark, the County began conspicuously posting on its website in 2005 that its website is "[t]he official website of the Charles M. Schulz – Sonoma County Airport."

In June 2007—six years after the Manager consented to Hayssen's use of the Trademark

and <u>four years</u> since Hayssen began using the Trademark and Her Website to conduct commerce—the County sent Hayssen a letter demanding that she cease further use of the Trademark and transfer the Registration to it. The County did not offer to compensate Hayssen for her substantial out-of-pocket costs incurred in connection with the Trademark, which include more than $50,000 and hundreds of hours of her time. Today more than 15,000 people visit Her Website each month. Through her substantial efforts since 2001, Hayssen and her business have developed significant goodwill in connection with the Trademark and secondary meaning amongst myriad people who associate the Trademark with Hayssen and her business.

The County cannot satisfy its burden of proving that it has any rights in the Trademark senior to those owned by Hayssen. "Mere geographical names are ordinarily regarded as common property." 74 Am. Jur. 2d, Trademarks and Tradenames § 59. It is only with the establishment of "secondary meaning" that such a mark is removed from the public domain "to the extent that second comers may not use the mark as an indicator of origin for the same goods or services." *Echo Travel, Inc. v. Travel Assocs., Inc.*, 870 F.2d 1264, 1268 (7th Cir. 1989). Secondary meaning is established when "the primary significance of the term in the minds of the consuming public is not the product but the producer." *Kellogg Co. v. Nat'l Biscuit Co.*, 305 U.S. 111, 118 (1938). The County cannot prove that the public primarily associates the advertising services and tourism-related functions offered by Hayssen's Website (and the Trademark) with it as opposed to Hayssen, with whom myriad consumers associate the Trademark. Nor can the County establish that it even offers services that compete with those offered by Hayssen's Website such that the County's alleged rights in the Trademark would be infringed; indeed, the County position is that it does not offer competing advertising or tourism-related services.

Even if the County can establish senior trademark rights in the Trademark upon which Hayssen has supposedly infringed, Hayssen's affirmative defenses preclude the County from prevailing on its claims. First, the County noted at the mediation that it intended to dismiss its claim for alleged violation of the Anticybersquatting Consumer Protection Act of 1999. Regardless, the relevant limitations period for this claim is the federal four-year "catch-all" statute of 28 U.S.C. § 1658. The County knew or should have known about Hayssen's Registration more

than <u>six years</u> prior to filing this action, which is well outside the limitations period.

Second, the County is barred as a matter of law from enforcing its claims pursuant to the equitable doctrine of *laches*, which is recognized as a valid defense to Lanham Act-related claims in the Ninth Circuit. *See, e.g., Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829 (9th Cir. 2002). A defendant asserting *laches* must show that it suffered prejudice as a result of the plaintiff's unreasonable delay in filing suit. *Id.*, at 835. Subject to this showing, the plaintiff's right to assert its claims against the defendant is extinguished.

In the context of a Lanham Act claim for trademark infringement, if the plaintiff's claim is filed after the analogous state limitations period has expired, "the presumption is that laches is a bar to suit." *Id.*, at 835-36. This presumption "is triggered if any part of the claimed wrongful conduct occurred beyond the limitations period," which "runs from the time the plaintiff knew or should have known about" the claim. *Id.*, at 837. "The reasonableness of the plaintiff's delay is considered in light of the time allotted by the analogous limitations period." *Id.*, at 838. In this case, that period is three years as set by California Code of Civil Procedure § 338. *Id.*

The County stood by for <u>six years</u> and idly watched Hayssen pour money and time into the development of her business and Her Website. The County's delay in filing suit was beyond the three-year limitations period and thus constitutes unreasonable delay as a matter of law. Had the County filed suit sooner Hayssen could easily have invested her resources in shaping an alternative identity for her business in the mind of the public. This prejudice establishes Hayssen's entitlement to the *laches* defense. *Id.*, at 839-40; *see also Hot Wax, Inc. v. Turtle Wax, Inc.*, 191 F.3d 813, 813 (7th Cir. 1999).

### 4. Motions

The County may file a motion for a preliminary injunction ordering Hayssen to take down all content on Hayssen's Website for the pendency of this litigation. The County anticipates motion practice to compel compliance with discovery. Hayssen intends to file a motion to transfer this action to the San Francisco division of this Court. Hayssen may also file a motion for summary judgment.

### 5. Amendment of Pleadings

The parties propose a deadline of June 9, 2008 for the amendment of pleadings, which is 60 days from the date of this case management conference.

6. **Evidence Preservation**

The County has been advised to maintain all of its documents and records (including emails, voicemails and other electronically recorded material) and to preserve the same from destruction. Counsel for the County has advised Hayssen of her same duties.

7. **Disclosures**

Both parties have served initial disclosures including lists of individuals they believes at this time are likely to have discoverable information and a description of documents which might be used to support their claims and defenses.

8. **Discovery**

The parties do not anticipate the any modifications to the normal discovery rules.

County: The County has deposed the County's former Airport Manager regarding Hayssen's claim of permission to use the Trademark. Hayssen has electronically delivered to the County, but not served, a document production. The general scope of the County's anticipated discovery includes depositions and written discovery aimed at the genesis, support, and operation of Hayssen's business; the profits from the operation of all aspects of her business; the nature of her continued use of the domain name; and the defenses alleged in her answer.

Hayssen: The general scope of Hayssen's discovery will include written discovery and depositions concerning the County's knowledge of her use of the Trademark, her business and Her Website, the County's assertion of rights in the Trademark, the County's claims of damages, the County's intent behind its attempt to take her property without compensation, and the County's interference with her contracts.

9. **Class Actions**

Not applicable.

10. **Related Cases**

Not applicable.

11. **Relief**

The County seeks the removal of the content of Hayssen's website; the transfer of the registration of the domain name to the County to prevent further confusion; a permanent injunction forbidding Hayssen's use of the County's Trademark or any substantially similar mark; the recovery of treble Hayssen's profits from Hayssen's use of the Trademark; the recovery of the County's attorneys' fees and costs expended during the course of this litigation; and the destruction of all allegedly infringing advertising materials, promotional literature, and stationery. Hayssen's complete discovery responses are required for the County to compute the precise amount of the County's damages in the form of Hayssen's profits. As such, a calculation of the County's damages at this time is not possible. Hayssen seeks recovery of her fees and costs.

**12.    Settlement and ADR**

The parties participated in mediation on February 28, 2008. A tentative settlement, subject to the approval of the County's Board of Supervisors, was reached. The Board of Supervisors did not approve the settlement. The County is willing to continue settlement negotiations. Hayssen believes the County has not negotiated in good faith and is thus presently unwilling to negotiate further.

**13.    Consent to Magistrate Judge For All Purposes**

Not applicable.

**14.    Other References**

Not applicable.

**15.    Narrowing of Issues**

As discovery has not been completed, the parties are presently unsure which issues may be subject to stipulation and/or motion.

**16.    Expedited Schedule**

The County suggests the schedule below.

**17.    Scheduling**

The parties submit the following suggested approximate dates for scheduling: trial date of March 16, 2009; non-expert discovery cutoff date of October 15, 2008; designation of experts date of October 22, 2008; expert discovery cutoff date of November 26, 2008; and

deadline for filing dispositive motions of January 12, 2008.

### 18. Trial

The County has demanded a trial by jury and currently estimates this case will take at least a full week to try.

### 19. Disclosure of Non-Party Interested Entities or Persons

The County has filed its "Certification of Interested Parties or Persons" required by Civil Local Rule 3-16. The parties are unaware of any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the parties to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

### 20. Other Matters

As Hayssen has appeared in pro per, the County believes that this litigation will proceed more efficiently and with fewer resources if Hayssen registers for the Court's Electronic Case Filing system. On December 20, 2007, the Court granted Hayssen's request to register. As of this date, Hayssen does not appear on the electronic service list.

Dated: March ___, 2008

ROPERS, MAJESKI, KOHN & BENTLEY

By: _____
ROBERT P. ANDRIS
LAEL D. ANDARA
AMY K. GRUBER
Attorneys for Plaintiff
COUNTY OF SONOMA

Dated: March 27, 2008

By: _____
NANCY HAYSSEN
Defendant, In Pro Per